(No. 4414-)

BETTY McCONKEY, WIDOW, ET AL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 8, 1951.*

BETTY McCONKEY, WIDOW, ET AL, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Betty McConkey, is the widow of Corwin McConkey, deceased, who was employed by the Division of State Police on September 21, 1941, as a highway patrolman at a salary of $275.00 a month. On February 23, 1951, he was receiving a salary of $286.00 a month as sergeant. His earnings for the year preceding his death were in the amount of $3,433.00. Mr. McConkey left surviving him his wife, Betty McConkey, claimant herein, and two children under 18 years of age.

The facts show that, while in the performance of

his duties, Mr. McConkey stopped a motorist, who had entered Routes 47 and 48 without having first come to a stop as required by law. This intersection is located somewhere north of Decatur, Illinois. While checking the motorist's driver's license, the driver of the car shot decedent twice and drove away. Mr. McConkey was taken by deluxe Trailway bus to the office of Dr. Wiley Marvel in Weldon, Illinois, who administered first aid, and then had him taken to John Warner Memorial Hospital, Clinton, Illinois, where he operated on Mr. McConkey for the repair of the intestinal wound. Mr. McConkey died as a result of his wound on March 8, 1951, at 12:40 A.M.

There are no jurisdictional questions in this case, and the case is submitted on a stipulation signed by Betty McConkey, the claimant, and the Attorney General, appearing for the respondent.

There being no dispute, claimant is entitled to an award under the Workmen's Compensation Act in the amount of $7,500.00.

An award is, therefore, made in favor of the claimant, Betty McConkey, in the amount of $7,500.00, to be paid to her as follows:

$ 312.00 which has accrued, and is payable forthwith;
$7,188.00 which is payable in weekly installments of $24.00 per week beginning June 15, 1951, for a period of 299 weeks, with one final payment of $12.00.

All future payments being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."